# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

```
------------------------------------------------------------------X
TRUSTEES of the IAM NATIONAL PENSION           :
FUND                                           :
99 M Street, SE, Suite 600                     :
Washington, D.C. 20003-3799,                   :   Case No.: _____
                                               :
                              Plaintiffs,      :
                                               :
              - against -                      :
                                               :
PHILLIPS LIQUIDATING TRUST, as successor in    :
interest to the PHILLIPS CORPORATION, d/b/a    :
EQUIPCO,                                       :
326 Snowberry Circle                           :
Venetia, Pennsylvania 15367,                   :
                                               :
                              Defendant.       :
                                               :
------------------------------------------------------------------X
```

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the IAM National Pension Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendant Phillips Liquidating Trust, as successor in interest to the Phillips Corporation, d/b/a Equipco (the "Company"), and allege as follows:

### I. INTRODUCTION

1.  This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to modify and/or vacate the July 26, 2021 arbitration award (the "Award") issued by Arbitrator Jeffrey B. Cohen in *Phillips Liquidating Trust v. IAM National Pension Fund*, AAA Case No. 01-20-0000-1087 (the "Arbitration").

2. The Arbitrator incorrectly concluded that the Fund's actuary should have used the methods and assumptions in effect on December 31, 2017 to calculate the Company's withdrawal liability, rather than those the actuary adopted three weeks later on January 24, 2018.

3. The Arbitrator's conclusion is erroneous as a matter of law because, *inter alia*, the actuary is required by law to calculate withdrawal liability using actuarial methods and assumptions that reflect the actuary's "best estimate," and nothing in the governing statutes, regulations, or binding case law required the Fund's actuary to make that determination by December 31, 2017.

4. In this action, the Trustees seek an order vacating the Award, and reinstating and sustaining the Fund's original assessment of withdrawal liability pursuant to ERISA § 4221(b)(2), 29 U.S.C. § 1401(b)(2).

## II.   JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the Company because, pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), it resides and does business within the United States.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA §§ 4221(b)(2) and 4301(a), 29 U.S.C. §§ 1401(b)(2) and 1451(a).

7. Venue is proper in this District pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## III.  PARTIES

8. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the

meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145.  The Fund is administered from 99 M Street, S.E., Suite 600, Washington, D.C. 20003-3799.

9. Plaintiffs are the Trustees of the Fund, and bring this action solely in their capacities as fiduciaries of the Fund pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

10. The Company was a for-profit Pennsylvania corporation until, in or around October 2019, when it was dissolved and its rights were transferred to a liquidating trust.  The Company's principal place of business is 326 Snowberry Circle, Venetia, Pennsylvania 15367.

IV. **FACTUAL BACKGROUND**

11. The Company was a party to certain collective bargaining agreements, pursuant to which it was obligated to remit contributions to the Fund on behalf of those of its employees who performed covered work.

12. As of May 1, 2018, the Company effected a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

13. On April 2, 2019, the Fund notified the Company that it had effected a complete withdrawal from the Fund as of May 1, 2018, and that its allocated share of the of the Fund's unfunded vested benefits was $2,013,028, payable in forty-one (41) quarterly installments of $66,944 and a final payment of $9,601 commencing on or before June 1, 2019 (the "Assessment").

14. On or about June 6, 2019, the Company remitted $2,013,028 to the Fund as payment in full for its outstanding withdrawal liability in accordance with ERISA § 4219(c)(4) (29 U.S.C. § 1399(c)(4)).

15. On August 7, 2019, the Company requested a review of the Assessment, which request the Fund denied on September 9, 2019.

16. On January 9, 2020, the Company timely commenced the Arbitration to challenge the Assessment.

17. On July 26, 2021, the Arbitrator issued the Award, in which he determined that the Assessment should have been calculated using the methods and assumptions in effect on December 31, 2017, rather than those that were adopted three weeks later on January 24, 2018. Attached as **Exhibit 1** is a true and correct copy of the Stipulated Facts (including Exhibits A through J) submitted by the parties in the Arbitration, and as **Exhibit 2** is a true and correct copy of the Award.

18. The Arbitrator concluded that the Fund's actuary was prohibited from applying retroactively actuarial methods and assumptions adopted after the applicable measurement date used to calculate the liability.

19. On the basis of this conclusion, the Arbitrator ordered the Fund to recalculate the withdrawal liability using a 7.5% interest rate and without any administrative expense load using the methods and assumptions in effect on December 31, 2017, and to refund the difference between the Assessment and the amount recalculated in accordance with the Award.

## COUNT I

**Order to Modify/Vacate the Award
Pursuant to ERISA § 4221(b)(2), 29 U.S.C. § 1401(b)(2)**

20. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

21. Withdrawal liability must be calculated "on the basis of actuarial assumptions and methods which, in the aggregate, are reasonable (taking into account the experience of the plan and reasonable expectations) and which, in combination, offer the actuary's best estimate of anticipated experience under the plan." ERISA § 4213(a)(1), 29 U.S.C. § 1393(a)(1).

22.     Withdrawal liability determinations are "presumed correct unless the party contesting the determination shows by a preponderance of the evidence that the determination was unreasonable or clearly erroneous." ERISA § 4221(a)(3)(A), 29 U.S.C. § 1401(a)(3)(A).

23.     Further, the actuary's calculation of withdrawal liability "is presumed correct unless a party contesting the determination shows by a preponderance of evidence that the actuarial assumptions and methods used in the determination were, in the aggregate, unreasonable (taking into account the experience of the plan and reasonable expectations), or the plan's actuary made a significant error in applying the actuarial assumptions or methods." ERISA § 4221(a)(3)(B), 29 U.S.C. § 1401(a)(3)(B).

24.     The Arbitrator committed a clear error of law when he determined that the actuary was prohibited as a matter of law from using the actuarial methods and assumptions it adopted on January 24, 2018 to calculate the Company's withdrawal liability and required that the Fund recalculate the withdrawal liability using an interest rate of 7.5% and without any administrative expense load, using the methods and assumptions in effect on December 31, 2017.  Those methods and assumptions were reflected in the Fund's most recent actuarial valuation, pursuant to ERISA § 4213(b)(1), reflected the actuary's "best estimate," pursuant to ERISA § 4213(a)(1).  29 U.S.C. § 1393(a)(1), (b)(1), and were affirmatively communicated to the Company before it effected a withdrawal from the Fund.

25.     In requiring the actuary to use stale methods and assumptions that do not in fact reflect the actuary's "best estimate," the Arbitrator committed a clear error of law, and his decision should be vacated.

26. Plaintiffs demand that the Award be vacated; that an order be entered reinstating the Assessment and requiring the Company to make payments in accordance with the Assessment; and all other relief that the Court may deem just and appropriate.

Dated: August 10, 2021

**PROSKAUER ROSE LLP**

By: ___*/s/ Guy Brenner*___
Guy Brenner
(D.C. Bar No. 491964)
1001 Pennsylvania Ave, N.W.
Suite 600 South
Washington, D.C. 20004-2533
(202) 416-6800
gbrenner@proskauer.com

John E. Roberts*
One International Plaza
Boston, MA 02110
(617) 526-9600
jroberts@proskauer.com

Anthony S. Cacace*
Neil V. Shah*
Eleven Times Square
New York, NY 10036
(212) 969-3000
acacace@proskauer.com
nshah@proskauer.com

*Motions for admission
*pro hac vice* forthcoming

*Counsel for the Plaintiffs*